UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BOBBY WILLIAMS       *    CIVIL ACTION NO.  15-0448

VERSUS       *    JUDGE ROBERT G. JAMES

CITY OF MONROE       *    MAG. JUDGE KAREN L. HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned magistrate judge, on reference from the District Court pursuant to

28 U.S.C. § 636(b)(1)(B), is a motion to dismiss for failure to state a claim upon which relief can

be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 5] filed by defendant City of Monroe.  The motion is

opposed.  For reasons assigned below, it is recommended that the motion be GRANTED.

I.     **The Prior Suit**

On July 24, 2013, Bobby Williams filed a pro se complaint against his former employer,

City of Monroe – Monroe Transit ("City" or "City of Monroe"), pursuant to 42 U.S.C. § 1983

and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  *See Williams v. City of*

*Monroe*, Civ. Action No. 13-2328 (W.D. La.) ("*Williams I*").    The complaint in *Williams I*

stated, in its entirety:

> Suing for
> Wrongful Termination
> Harassment
> employment Discrimination
> and retaliation
> The amount I am suing for $ 5.000.000

(Compl.) (spacing and punctuation in the original).

On May 20, 2014, Williams sought to amend his complaint to join additional defendants,

Monroe Mayor Jamie Mayo and the Monroe Chief of Police Quentin Holmes, as a result of a purported October 23, 2012, "attack" on Williams, ordered by Mayo and carried out by Holmes after Williams stated at the "city commission" (presumably city council) meeting that he had filed an EEOC complaint.  (M/Amend [doc. # 18]).  Williams further alleged that he was "receiving treatment for anxiety and depression and hardship for $5,000,000." *Id.*

The court denied Williams' motion, and, instead, ordered him to file an amended complaint to allege specific facts sufficient to state a claim for relief.  (June 17, 2014, Order [doc. # 22]).  On June 2, 2014, Williams so complied, and joined Monroe Mayor Jamie Mayo and the Monroe Chief of Police Quentin Holmes.  (Amend. Compl. [doc. # 20]).[1]  *Liberally* construing

---

[1]  Williams alleged that he had filed an EEOC complaint against the City in August 2012. (Amend. Compl. [doc. # 20]).  On October 23, 2012, Williams and another transit worker went to the city "commission" meeting where Williams spoke and advised all present that he had filed a complaint with the EEOC.  *Id.*  After he spoke, Mayor Mayo identified Williams as the man who was talking about suing the city.  *Id.*  Williams then stood up and walked out.  *Id.*  Mayo, however, signaled two men to follow Williams.  *Id.*

As Williams was walking to his car, he heard someone yell "hey," so he turned around and saw a black man and a white man running toward him.  *Id.*  The black man was holding a gun, so Williams stopped.  *Id.*  It was about 7:30 p.m.  *Id.*  The black man stood in front of Williams, while the white man stood behind Williams.  *Id.*  The black man identified himself as the chief of police. *Id.*  Williams held his arms out and asked Holmes whether he was going to arrest him.  *Id.*  Williams cautioned Holmes, however, that if he placed his hands on him there was going to be a lawsuit.  *Id.* Williams then asked Holmes if he knew Carol Powell (a local attorney).  *Id.*  At that point, the men departed.  *Id.*  Williams' co-worker, plus a friend, both witnessed the encounter.  *Id.*

The next day, Williams contacted the EEOC who advised him to amend his complaint to include a retaliation claim.  *Id.*  Williams then began a three month campaign of complaining and protesting in front of city hall and the Monroe transit office.  *Id.*  At the next city "commission" meeting, Williams placed his name in the book so he could complain.  *Id.*

On November 6, 2012, Williams purportedly received a five day suspension for insubordination for not signing a paper after he had clocked out for that day.  *Id.*  One of Williams' supervisors told a coworker that it was good that he was gone.  *Id.*  On two other occasions, another supervisor told Williams, in front of passengers, to get his God d__ed a__ on the bus.  *Id.*

On April 10, 2013, Williams was placed on a three day work suspension, which meant that he was suspended, but needed to check in every morning to see if he was needed.  *Id.*  Williams contends that it was not clearly explained to him that he needed to check in.  *Id.*  Although he

Williams' amended pleading, the court concluded that he had alleged sufficient facts to state a retaliation claim.  (June 17, 2014, Order [doc. # 22]).

On September 19, 2014, defendants filed a motion for summary judgment seeking dismissal of plaintiff's claims in their entirety.  On January 29, 2015, the undersigned granted defendants' motion and entered judgment dismissing plaintiff's claims, with prejudice.  (Jan. 29, 2015, Mem. Ruling and Judgment [doc. #s 31 & 32]).[2]  On February 26, 2015, plaintiff filed a single-page document entitled, "Intimidation, bullying and misuse of power and authority new evidence" [sic], which the court construed as a motion for reconsideration, and promptly denied.  [doc. #s 33 & 35].

## II.    Current Suit

Concurrent with his motion for reconsideration, Williams filed the instant complaint which reads in its entirety,

PARAGRAPH NUMBER ONE
PLAINTIFF BOBBY WILLIAMS [his address]

PARGRAPH NUMBER TWO
DEFENDANT CITY OF MONROE [its address]

PARAGRAPH NUMBER THREE
INTIMIDATION BULLYING AND MISUSE OF POWER AND AUTHORITY

TRAIL

---

concedes that he did not check in for the first two days, he alleges that he *did* check in on the last day of his suspension.  *Id*.  Thus, he maintains that he was wrongfully terminated.  *Id*.  He concluded his amended complaint by stating that "then the gm mike told a co worker to get in touch with me if I won't my job back and I did not know that until later."  *Id*. (grammar and spelling in original).

[2]  With the consent of all parties, the District Court referred the prior suit to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment, 28 U.S.C. § 636(c).

JURY TRIAL DEMANED

RELIEF       5 MILLION DOLLARS
(Compl.) (spelling and punctuation in original).

On September 30, 2015, defendant City of Monroe filed the instant motion to dismiss for failure to state a claim upon which relief can be granted.  The City noted the dismissal of *Williams I*, and urged dismissal of the instant suit because plaintiff's complaint included no factual allegations whatsoever.

On October 8, 2015, plaintiff submitted a document entitled, "Intimidation, bullying and misuse of power and authority    Evidence MOTION [sic] to move along."  [doc. # 8].  The allegations in the submission closely track plaintiff's motion for reconsideration from his prior suit.  *See Williams I* [doc. # 33].  This time, however, plaintiff also appended language from the Anti–Terrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq*., which he characterized as the "DOMESTIC TERROR STATUTE."  [doc. # 8].

The Clerk of Court docketed plaintiff's submission as a response to defendant's motion to dismiss.  The City did not file a reply, and the time to do so has lapsed.  Thus, the matter is ripe. (Notice of Motion Setting [doc. # 6]).

**III.    12(b)(6) Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter,

4

accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*.  Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (citations and internal quotation marks omitted).  Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory.  Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011).[3]

---

[3] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (court may take judicial notice of matters of public record).

## IV.     Plaintiff's Complaint Fails to State a Claim for Relief

It is manifest that the brief and conclusory allegations in plaintiff's complaint – "INTIMIDATION BULLYING AND MISUSE OF POWER AND AUTHORITY" – do not suffice to state a claim for relief.

## V.     Plaintiff's Response, Construed as an Amended Complaint, Does Not State a Claim for Relief

The undersigned notes that "[d]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . . " *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th  Cir. 2002).[4]  Plaintiff's response to the City's motion appears to be an attempt to amend his complaint to set forth facts and a theory of recovery.  The Fifth Circuit has recognized that, under these circumstances, the court should construe the response to a dispositive motion as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a).  *Riley v. Sch. Bd. Union Parish*, 379 F. App'x 335, 341 (5th Cir. 2010) (response to

---

[4]  Similarly, "before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend." *Bruce v. Little*, 2014 WL 1929588 (5th Cir. May 15, 2014) (citing *inter alia*, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998)).

summary judgment motion) (citations omitted).

Rule 15(a) provides that a plaintiff may amend his complaint once as a matter of course within 21 days after service of 1) a responsive pleading or 2) a motion under Rule 12(b), (e), or (f) – whichever is earlier.  Fed.R.Civ.P. 15(a)(1)(B).  Nevertheless, a district court may deny leave to amend if the proposed amendment is futile – even when the plaintiff is entitled to amend as a matter of course.  *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (citations omitted).  In the Rule 15 context, an amendment is futile if it "would fail to state a claim for relief upon which relief could be granted."  *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000).

Williams' response, construed as a proposed amended complaint, proves futile.  The ATA only authorizes a civil remedy for victims of *international* terrorism, not *domestic* terrorism.  *See* 18 U.S.C. §§ 2331 & 2333; *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 221 (S.D. N.Y. 2003) (distinguishing between international and domestic terrorism).  Here, plaintiff's allegations do not include an international component.

In any event, plaintiff's present suit is barred by the doctrine of res judicata, which encompasses two separate, but linked preclusive doctrines:  "(1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."  *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-67 (5th Cir. 2013) (citations omitted).[5]  True res judicata "has four elements:  (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court

---

[5] Generally, res judicata is an affirmative defense that must be pleaded by the defendant, not raised *sua sponte*.  *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281-82 (5th Cir. 2001).  One exception to the foregoing principle, however, is when, as here, both actions were brought before the same court.  *Id.*

of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id*.

The foregoing elements are easily satisfied here:  1) the parties in this suit and *Williams I* are identical or in privity; 2) this court enjoyed jurisdiction in *Williams I*; 3) *Williams I* was concluded by final judgment on the merits;[6] and 4) the facts set forth in plaintiff's proposed amended complaint are the same facts that formed the basis for *Williams I*.

### Conclusion

As instructed by *Iqbal*, the court has accorded no weight to the conclusory allegations set forth in plaintiff's complaint.  *See Iqbal, supra*.  The remainder of the complaint, even considering plaintiff's response as a proposed amendment, contains no allegations sufficient to confer plausibility upon plaintiff's claims.  *Id*.  Under these circumstances, there is no reasonable expectation that discovery will reveal evidence to support the missing elements of the claim.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Accordingly,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 5] filed by defendant City of Monroe be GRANTED, and that plaintiff's suit be DISMISSED WITH PREJUDICE, in its entirety. Fed.R.Civ.P. 12(b)(6).[7]

---

[6]  The court's judgment in *Williams I* disposed of all claims and parties, and has not been modified on appeal.  Accordingly, it is considered a final judgment for purposes of res judicata. *Comer*, 718 F.3d at 468.

[7]  To the extent that the undersigned has expanded upon the grounds for dismissal urged by movant, the instant report and recommendation provides adequate notice to the parties.  *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

8

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of November 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE